**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, *ex. rel.* Craig Thomas,<br><br>Plaintiff/Relator,<br><br>v.<br><br>Touchstone Behavioral Health,<br><br>Defendant. | No. CV-22-00512-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's unilaterally filed discovery dispute. (Doc. 66). Plaintiff filed unilaterally claiming counsel for Defendant was intermittently unavailable and ultimately non-responsive. (*Id.*). Counsel for Defendant disputes this, claiming she is very busy with other cases, but nonetheless responsive. (Doc. 68).[1]

**Meet and Confer**

The Court will not attempt to determine whether defense counsel made a good faith effort to comply with the Court's Rule 16 order which requires the parties to jointly raise discovery disputes. However, what the Court will note is that the discovery deadline in this case is October 18, 2024; thus, Plaintiff is right to realize that time is of the essence in completing discovery. And what is clear to the Court is that this case has not been defense counsel's highest priority. To complete discovery on the schedule set by the Court, defense counsel is cautioned that going forward she must dedicate whatever time is required to

---

[1] After receiving the unilateral motion, the Court required Defendant Touchstone to respond. (Docs. 67, 68). Defendant Mercy Care was previously dismissed. (Doc. 48).

comply with this Order and meet her discovery obligations. This time commitment must include prioritizing this case over other cases.

**Discovery Dispute**

Turning to the issues in the unilateral motion, Plaintiff raises six areas wherein Plaintiff claims discovery has been inadequate. The Court will address each in turn.

### 1. Alleged Eight Month Gap in Production (RFP)

Plaintiff claims Defendant failed to produce any *communications* from any persons for the period of July 25, 2020 to March 16, 2021. (Doc. 66 at 2-3). Defendant claims it produced *documents* from that time period. (Doc. 68 at 2). Defendant's "response" is non-responsive. This is why the meet and confer process is so critical; specifically, so the parties can have a meaningful discussion about what is being sought.[2]

Defense counsel suggests she is still looking into whether there are responsive documents. However, Defense counsel does not dispute Plaintiff's assertion that Defense counsel has been aware of this gap since August 19, 2024, and has done nothing to remedy it. Accordingly, the Court will order the following:

<u>Within 5 days of this Order, Defendant must make an exhaustive good faith review of its records to determine whether there are any communications that are responsive to this discovery request. Defendant must, within this same 5 days, produce all responsive communications (if any). Within 7 days of the date of this Order, Defendant must provide a declaration to Plaintiff, signed under penalty of perjury, from the person who conducted the good faith review explaining how the review was undertaken and confirming that all responsive communications have either been produced, or listed in a privilege log, which must also be produced within this time limit.</u>

---

[2] It is frustratingly ironic that Defense counsel suggests that it would be helpful if Plaintiff could identify specific documents that Plaintiff believes are missing – when this exact type of exchange of information is the purpose of the meet and confer that Defense counsel has been too busy to attend. (The Court notes Defense counsel claims to have sent emails, but the Scheduling Order states, "The motion must include a statement of consultation as required by Civil Local Rule 7.2(j). The consultation must be oral. In other words, the parties (or their counsel) cannot confer regarding a discovery dispute solely by correspondence. They must actually speak to each other." (Doc. 59 at 3). Clearly this was not complied with.).

**2. Initial Close-Out Letter (RFP)**

Plaintiff seeks a copy of the March 18, 2021 "initial" close-out letter. (Doc. 66 at 3). Defendant did not address this request in its filing with this Court. (Doc. 68). The Court orders that:

Within 5 days of this Order, Defendant must produce this letter.

**3. Attachment to Modified Close-Out Letter (RFP)**

Plaintiff seeks an attachment to a modified version of the close-out letter, which was also sent on March 18, 2021. (Doc. 66 at 3). Defendant responds with something that is too vague for the Court to understand, but perhaps is saying this has already been produced.[3] Because the Court is unclear as to this item, the Court will order the following:

Within 5 days of this Order, Defendant must make a good faith review of its records to determine whether this attachment has been produced. Defendant must, within this same 5 days, produce the attachment if it has not been produced. Within this same 5 days, if Defendant does not make further production, Defendant must communicate to Plaintiff the reason why no further document was produced.

**4. Contact Information for A. Rhodes (RFP)**

Plaintiff seeks contact information for a former employee. (Doc. 66 at 3). Defendant claims said employee is not responding to Defendant's emails. (Doc. 68 at 3). The Court will order the following:

Within 5 days of this Order, Defendant must provide Plaintiff with A. Rhodes last know physical address and email address. Plaintiff shall be responsible for locating A. Rhodes and scheduling her deposition within the discovery deadline.

**5. Privilege Log (RFP)**

Plaintiff wants Defendant to produce a privilege log. (Doc. 66 at 3). Defendant stated it would produce a privilege log by September 24, 2024, which is now in the past. (Doc. 68 at 3). The Court considers this issue to be resolved. Plaintiff may re-raise it as specified below if the Court is incorrect.

---

[3] This is another example where a meet and confer could have resolved this issue if the document has actually already been produced.

**6. Affirmative Defenses (interrogatory)**

Plaintiff seeks to compel full responses to Plaintiff's interrogatories 3, 4, 6, 8, and 9 by Defendant either providing the factual basis for its affirmative defenses or withdrawing the defenses. (Doc. 66-2 at 2). Defendant responds and says, "Defendant is reviewing the affirmative defenses it asserted and will withdraw any unsupported defenses at the close of discovery." Defendant appears to have a material misunderstanding of how discovery works. Defendant cannot wait until AFTER the close of discovery to provide a factual basis for an affirmative defense, thereby depriving Plaintiff of any opportunity to take discovery on that issue.

Moreover, the answer was filed November 22, 2023. The last ten months have been adequate time for Defendant to determine the viability and factual basis of its own defenses. The Court will order the following:

<u>By October 4, 2024, Defendant shall supplement its responses to Plaintiff's interrogatories 3, 4, 6, 8, and 9 by providing the factual basis for its affirmative defenses. Alternatively, Defendant can choose not to supplement if by this date it withdraws the relevant affirmative defense. If Defendant neither supplements nor withdraws, Plaintiff may move to strike the affirmative defenses from the answer (as a discovery sanction) by the dispositive motion deadline.</u>

**Conclusion**

Based on the forgoing,

**IT IS ORDERED** that the discovery dispute motion (Doc. 66) is resolved as specified above. Defendant must comply with all underlined orders above within the time specified.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that, if Defendant does not comply with respect to items 1-4 herein (or did not previously produce item 5 herein), counsel must confer, as required in this Court's scheduling order, within 10 days of this Order.  The parties must then file a follow-up joint discovery dispute within 11 days of this Order.

Dated this 26th day of September, 2024.

_____
James A. Teilborg
Senior United States District Judge