**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Thomas,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mercy Care, et al.,<br><br>　　　　　Defendants. | No. CV-22-00512-PHX-JAT<br><br>**ORDER** |

　　　　Pending before the Court are a number of motions *in limine* filed by each party. The Court will rule on most of these motions at the upcoming final pretrial conference. However, the Court believes that Plaintiff's motion regarding misstatements of the applicable law and elements, (Doc. 117), and Defendant's response, (Doc. 130), necessitate additional, written explanation.

　　　　Plaintiff seeks to exclude "any evidence of, reference to, or argument stating or indicating that [Plaintiff] must prove . . . presentment of a 'claim,' materiality, a false statement, fraudulent intent, or a Government demand for payment." (Doc. 117 at 1). Plaintiff notes that "Defendant's contributions to the joint pretrial materials . . . are riddled with misstatements of law and/or references to statutory provisions and case law involving claims other than those being tried." (Doc. 117 at 2).

　　　　Upon the Court's review, it appears Defendant has a material misunderstanding of the elements of the claims being tried in this case. Plaintiff has two remaining claims: Count IV (conversion) and Count V (reverse false claim).

A defendant violates the False Claims Act ("FCA") conversion provision if the defendant "**has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property**." 31 U.S.C. § 3729(a)(1)(D). The conversion provision does not contain an element of a "false claim."

A defendant violates the FCA's reverse false claim provision if the defendant "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, **or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government**." 31 U.S.C. § 3729(a)(1)(G). Relator has made clear that he intends to argue the second theory of liability.[1] (*See, e.g.* Doc. 81 at 16 ("Relator focuses here on the second theory of liability.")). As the Court has previously explained, in great detail, the second theory of reverse false claim liability <u>does not require a false record or statement</u>. (Doc. 100 at 9-10 n.7).

Thus, while *other* FCA provisions *not at issue in this case* require "a false or fraudulent claim," 31 U.S.C. § 3729(a)(1)(A), or "a false record or statement material to a false or fraudulent claim," 31 U.S.C. § 3729(a)(1)(B), the remaining claims in this case <u>do not</u>. The Court's conclusions are based on a plain reading of the text of the subdivisions of the statute at issue in this case. The Court is therefore unclear how Defendant could argue otherwise under the particular subdivisions of the statute.

Yet Defendant continues to argue it is "consistent with the claims at issue in this case" to include a verdict form question that asks the jury whether "Relator prove[d] by a preponderance of the legal evidence that Touchstone knowingly presented or caused to be presented . . . a *false or fraudulent claim for payment* . . ." (Doc. 130 at 2 (emphasis added)). Defendant also argues that there is a "*statutory requirement of a false claim* to be 'presented or cause to be presented'" for a reverse false claim violation. (Doc. 130 at 2 (emphasis

---

[1] To the extent Defendant is concerned that Plaintiff may argue the first theory of liability, the Court finds Plaintiff has waived such an argument. In other words, the Court will not instruct the jury on a theory of liability premised on any of the language before the bolded language that begins at "or."

added)). Finally, Defendant states that "[b]efore liability can be assess [sic] the FCA requires the Relator prove the [D]efendant (1) knowingly presented or caused to be presented *a false or fraudulent claim*; (2) knowingly made, used, or caused to be made or used *a false record or statement to get a false or fraudulent claim paid*; or (3) conspired[2] to defraud the government by getting *a false or fraudulent claim* paid." (Doc. 130 at 3 (emphasis and footnote added)). Defendant's other pretrial submissions are rife with additional references to various portions of the FCA that are not at issue in this case.

The Court must hold a trial in the least confusing way possible for the jury. To that end, the Court cannot allow one party to repeatedly, and perhaps exclusively, argue elements of a statute that are not at issue in the case. The Court is unclear whether Defendant genuinely does not understand which theories of liability are at issue in this case, or if Defendant is intentionally arguing the wrong governing law in an effort to confuse jurors. Regardless, this case must be narrowed to address only the theories of liability that remain in the operative complaint.

As a result, the Court will require Defendant to re-file the response to Plaintiff's motion *in limine* that seeks to preclude Defendant from making misstatements of the applicable law and elements. In refiling, if Defendant plans to again argue that any of the above, italicized elements are at issue, Defendant must present a good faith basis for doing so under 31 U.S.C. § 3729(a)(1)(D) or 31 U.S.C. § 3729(a)(1)(G) (subpart 2) **exclusively**.[3] If Defendant refuses to engage with the correct governing law, which would both contradict the Order on summary judgment and defy this Order, the Court will consider sanctions, up to and including striking the answer. The Court will not proceed to trial if one party is engaging in conduct detrimental to the administration of justice and in obstruction of the Court's ability to hold a coherent trial.

Accordingly,

**IT IS ORDERED** that Defendant's response (Doc. 130) to Plaintiff's motion *in*

---

[2] At this point in the case, there is no conspiracy claim in front of the Court. (*See* Doc. 48).
[3] For ease of reference, the bolded language above is the exact language of the statutory provisions at issue in this case.

*limine* (Doc. 117) is stricken.

**IT IS FURTHER ORDERED** that Defendant must file a new response to Plaintiff's motion *in limine* at Doc. 117 within four (4) days. This response must comply with this Order and address Plaintiff's arguments that Defendant is misstating the law under the relevant FCA provisions: 31 U.S.C. § 3729(a)(1)(D) and 31 U.S.C. § 3729(a)(1)(G) (subpart 2).

Dated this 27th day of May, 2025.

James A. Teilborg
Senior United States District Judge